## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

### Marvin M. RAY, Jr., Appellee.

No. 2–96–050–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 27, 1997.

Tim Curry, Criminal District Attorney, Monica Branch, Assistant Dist. Atty., on behalf of Legal Services, DPS, Daniel Ray Ri-

---

singer, Assistant Dist. Atty., Fort Worth, for appellant.

Charles E. Smith, Arlington, for appellee.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

CAYCE, Chief Justice.

The Texas Department of Public Safety ("DPS") appeals from the county court at law's judgment reversing the administrative law judge's ("ALJ") order, which suspended Marvin M. Ray, Jr.'s driver's license for ninety days. In two points of error, DPS contends that the county court at law erred in reversing the ALJ's order because DPS met its burden of proof in showing by a preponderance of the evidence that Ray's driver's license should be suspended, and the decision of the administrative court was supported by substantial evidence. We reverse the judgment of the county court at law and affirm the decision of the ALJ.

On March 10, 1995, Ray was stopped and arrested on suspicion of DWI by Officer Tim Pinckney of the Arlington Police Department. Ray refused to take a breath test, and DPS suspended his driver's license for ninety days pursuant to former TEX. REV. CIV. STAT. ANN. art. 6701*l*–5.[1] A hearing was later held before an ALJ, who upheld the suspension of Ray's license. In the order upholding the license suspension, the ALJ found: (1) that "reasonable suspicion to stop the Defendant existed"; (2) that "probable cause existed that Defendant was intoxicated while driving or in control of a motor vehicle in a public

place"; (3) that "Defendant was placed under arrest and was properly asked to take a breath alcohol concentration (BAC) test"; and (4) that "[a]fter being requested to take a BAC test, Defendant refused."

Ray appealed the ALJ's decision to County Court at Law Number Three. Upon considering the administrative record, the county court at law reversed the decision of the ALJ.[2] The court did not state the grounds for its reversal.

In its points of error, the DPS alleges that the county court at law erred by reversing the ALJ's order because the DPS proved by a preponderance of the evidence all four elements necessary to uphold an automatic suspension of a driver's license under article 6701*l*–5, and the ALJ's order was supported by substantial evidence. In order to uphold an automatic driver's license suspension under article 6701*l*–5, an ALJ must consider the following issues:

*(1) whether reasonable suspicion or probable cause existed to stop or arrest the person;*

*(2) whether probable cause existed that the person was driving or in actual physical control of a motor vehicle in a public place while intoxicated;*

*(3) whether the person was placed under arrest by the officer and was offered an opportunity to give a specimen under this Act; and*

*(4) whether the person refused to give a specimen on request of the officer.*

Act of May 24, 1969, 61st Leg., R.S., ch. 434, § 2, 1969 Tex. Gen. Laws 1468, 1468–69,

---

1. Former article 6701*l*–5, section 2(i) provided in pertinent part:

     *(i) If a person under arrest* [for DWI] *refuses on the request of a peace officer to give a* [breath] *specimen . . . as provided in this Act,. . . the person's license, permit, or . . .* operating privilege *shall be suspended for 90 days. . . .*

   Act of May 24, 1969, 61st Leg., R.S., ch. 434, § 2, 1969 Tex. Gen. Laws 1468, 1468–69, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3525, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1870–71 (current version at TEX. TRANSP. CODE ANN. § 724.035 (Vernon Pamph.1997)).

2. Former article 6687b–1, which governed appeals from an ALJ's order suspending a driver's license under article 6701*l*–5, provided:

     *(h) . . . On appeal, review is on the record certified by the State Office of Administrative Hearings with no additional testimony except as provided by Subsection (j) of this section. Review shall be based on the substantial evidence rule.*

   Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3519, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1870–71.

*amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3525, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1870–71 (current version at TEX. TRANSP. CODE ANN. § 724.042 (Vernon Pamph.1997)). If the ALJ finds that all four issues are answered in the affirmative, the ALJ shall sustain the suspension. *Id.* (current version at TEX. TRANSP. CODE ANN. § 724.043 (Vernon Pamph.1997)).

A court reviewing an ALJ's decision under article 6701*l*–5 should use the "substantial evidence" standard of review. *Id.;* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3519 (repealed 1995). Substantial evidence review is defined in TEX. GOV'T CODE ANN. § 2001.174, which provides:

> If the law authorizes review of a decision in a contested case under the substantial evidence rule … a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:
>
> (1) may affirm the agency decision in whole or in part; and
>
> (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (A) in violation of a constitutional or statutory provision;
>
> (B) in excess of the agency's statutory authority;
>
> (C) made through unlawful procedure;
>
> (D) affected by other error of law;
>
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
>
> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174 (Vernon Pamph.1997).

■ In conducting a substantial evidence review, the reviewing court must determine whether the evidence as a whole is such that reasonable minds could have reached the conclusion the agency must have reached in order to take the disputed action. *City of El Paso v. PUC,* 883 S.W.2d 179, 186 (Tex.1994). The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *Id.* In applying this test, the reviewing court may not substitute its judgment as to the weight of the evidence for that of the agency. *Id.* at 185. The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *Id.*

■ At the hearing before the ALJ, Officer Pinckney testified that he was driving in the middle lane of South Cooper Street in Arlington when he saw ahead of him a blue and white Ford truck that was moving slower than the posted speed limit and the flow of traffic. Officer Pinckney pulled into the left lane beside the vehicle and observed the driver's condition. The driver had heavy eyelids and appeared as if he were intoxicated. He also appeared to be eating something. After Officer Pinckney moved behind the truck again, he observed the truck weave into the right hand lane several times. Officer Pinckney pulled over the vehicle and identified the driver as Marvin M. Ray, Jr.

Officer Pinckney testified that when he pulled Ray over, Ray fumbled excessively with his wallet and smelled strongly of alcohol. He told Officer Pinckney that he had consumed three or four alcoholic beverages that day. Officer Pinckney observed empty beer cans in the bed of the truck. Officer Pinckney then observed Ray perform several field sobriety tests. Officer Pinckney testified that Ray failed all the tests administered.

Officer Pinckney arrested Ray for driving while intoxicated and transported him to the Arlington jail. Before Officer Pinckney requested that Ray take a breath test, he gave Ray the required statutory warning, which informed Ray that if he refused to give a breath specimen, his license would be auto-

matically suspended for ninety days.[3] Ray refused the test.

Officer Pinckney's testimony proved by a preponderance of the evidence the elements required to suspend Ray's driver's license under article 6701*l*–5. We hold that the ALJ's decision was reasonable and supported by substantial evidence in light of the probative and reliable evidence in the record as a whole. Points of error one and two are sustained.

We reverse the judgment of the county court at law and render judgment affirming the decision of the ALJ.

---

**3.** Section 2(b) of article 6701*l*–5 provided:

(b) Before requesting a person to give a [breath] specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, ... the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for *not less than* 90 days....

Act of May 24, 1969, 61st Leg., R.S., ch. 434, § 2, 1969 Tex. Gen. Laws 1468, 1468–69, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523–24 (repealed 1995) (current version at Tex. Transp. Code Ann. § 724.015 (Vernon Pamph.1997)).