TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00116-CV







Bernard J. Dolenz, Appellant



v.



Texas State Board of Medical Examiners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 91-1399, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







 The State Board of Medical Examiners ("Board") suspended Bernard J. Dolenz's
license to practice medicine for one year. Dolenz sought judicial review of the Board's decision. 
The trial court affirmed the Board's decision concluding that the Board's order was supported by
substantial evidence. We will affirm.


BACKGROUND


 The Board's formal complaint alleged several violations of the Medical Practices
Act. See Tex. Rev. Civ. Stat. Ann. art. 4495b (West Supp. 1999) ("Medical Practices Act"). 
The complaint charged that Dolenz prescribed drugs in excess of therapeutic amounts, violating
section 3.08(4)(E) (1) of the Medical Practices Act, maintained inadequate medical records
supporting the medical necessity for certain medications, violating sections 3.08 (18) (2) and 5.09
(a) (3) of the Medical Practices Act, and failed to maintain accurate records for purchases and
disposals of certain controlled drugs violating section 3.08(4)(B) (4) of the Medical Practices Act. 
The failure to maintain accurate records also violates Department of Safety rules concerning
controlled substances. See 37 Tex. Admin. Code § 13 (1985). 

 An administrative law judge (ALJ) conducted a hearing and submitted a proposal
for decision and proposed board order which recommended a one-year suspension of Dolenz's
medical license, such suspension being probated for one-year conditioned upon Dolenz's
(1) revising his record-keeping practice; (2) maintaining a bound record of his purchases and
disposals of controlled substances; and (3) obtaining fifty continuing education hours, including
fifteen relating to office practice and procedure. The Board concluded that by failing to document 
pertinent findings, medication and dosage prescribed, medical necessity for medications
prescribed, and diet and exercise programs with weight patients, Dolenz violated section 3.08(18)
of the Medical Practices Act. The Board also concluded that failing to maintain a bound book
containing purchases and disposals of controlled drugs violated section 3.08(4)(B) of the Medical
Practices Act. The Board accepted the ALJ's recommendation that Dolenz's license be suspended. 
The district court affirmed the Board's decision, concluding that there was substantial evidence
to support the Board's action. Dolenz brings four points of error.


DISCUSSION


 As part of his fourth point of error, Dolenz contends the trial court erred in
rendering final judgment in favor of the Board because the "substantial evidence favors Dolenz." 
Under a substantial evidence review, the reviewing court determines whether an agency's findings,
inferences, conclusions, and decisions to determine whether they are reasonably supported by
substantial evidence in light of the reliable and probative evidence in the record as a whole. Texas
Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984);
Guerrero-Ramirez v. Board of Medical Examiners, 867 S.W.2d 911, 920 (Tex. App.--Austin
1993, no writ). It is presumed that the agency's findings, inferences, conclusions, and decisions
are supported by substantial evidence, and it is the burden of the contestant to prove otherwise. 
City of El Paso v. PUC, 883 S.W.2d 179, 185 (Tex. 1994); Texas Dept. of Pub. Safety v. Ray,
943 S.W.2d 87, 89 (Tex. App.--Fort Worth 1997, no writ). The reviewing court may not
substitute its judgment for that of the agency. Guerrero-Ramirez, 867 S.W.2d at 920 (citing
Railroad Comm'n v. Continental Bus Sys., Inc., 616 S.W.2d 179, 181 (Tex. 1981)); Tex. Gov't
Code Ann. § 2001.174 (West 1999). In a medical license suspension case, the question on appeal
is whether the evidence as a whole is such that reasonable minds could have reached the
conclusion that the agency must have reached in order to justify the action. Dotson v. Texas State
Bd. of Medical Examiners, 612 S.W.2d 921, 922 (Tex. 1981); Guerrero-Ramirez, 867 S.W.2d
at 920. The test is not whether the Board reached the correct conclusion, but whether some
reasonable basis exists in the record for the action taken by the Board. City of El Paso, 883
S.W.2d at 186; Ray, 943 S.W.2d at 89.


Failure to Adequately Document Treatment and Medications

 Dolenz is both a lawyer and a physician. His medical practice includes neurology
and psychiatry. At the time of the Board's inquiry, Dolenz practiced medicine primarily in a
clinic located in the Oak Cliff area of Dallas which he had purchased from Dr. Robert Lorenz. 
As part of the purchase of the clinic, Dolenz agreed to treat Dr. Lorenz's former patients.

 The Board's investigation involved Dolenz's treatment of three patients: R.K. and
P.P., both former patients of Dr. Lorenz, and J.T., a long-time patient of Dolenz. The Board's
primary complaint was that Dolenz failed to record the dosages of medicines prescribed, and failed
to record the medical necessity for the medications administered to the three patients. Because we
must determine whether substantial evidence supports the Board's decision, we will briefly discuss
each patient.


 Patient R.K.

 Dolenz treated R.K. for problems with obesity using phentermine and lasix. The
Board's complaint alleged that Dolenz's administration of 168 dosages of phentermine over a five-month period was in excess of the therapeutic use of the drug. The Board also alleged that Dolenz
failed to record the medical necessity for using phentermine for the length of time prescribed. The
Board also challenged Dolenz's use of lasix to treat R.K. 

 Dr. Stuart Nemir, a specialist in psychiatry, testified on behalf of the Board. He
explained that phentermine is a Class IV controlled substance (5) used as an appetite suppressant. 
He noted that Dolenz prescribed phentermine for R.K. over a five-month period for obesity;
however, the patient's chart failed to reflect the dosage-unit given and failed to record her height. 
Nemir testified that several medical texts provide that because phentermine is a habituating drug,
it should not be given for more than "several weeks" at a maximum. According to Nemir,
standard practice would require a physician to record in the patient's records the amount of
phentermine prescribed. R.K.'s records did not contain supporting documentation to justify the
length of time Dolenz administered phentermine. Nemir also noted that the records did not
indicate that the appropriate lab work had been performed to monitor R.K. while she took
phentermine. Dolenz also prescribed lasix for R.K. Lasix is a potent diuretic used for heart
disease, kidney disease, liver failure and blood pressure problems. Nemir further stated that lasix
is not used for weight loss. According to Nemir, the records did not support the use of lasix and
did not show that Dolenz monitored R.K.'s use of lasix. 

 Dolenz testified that the amounts of phentermine were small and therapeutically
necessary. He increased R.K.'s dosage of phentermine because the lower dosage given initially
was not working to reduce her weight. He stated that he prescribed lasix to help lower her blood
pressure. He claimed that the appropriate lab work had been performed. According to Dolenz,
because R.K. was a nurse, she had lab tests performed at the hospital where she worked at no
charge. Dolenz admitted, however, that he did not have reports from the physician who
performed R.K.'s lab work. Dolenz testified that R.K. was not harmed by his treatment and that
she had not complained to him about her treatment.


 Patient P.P.

 Dolenz treated P.P. for problems with obesity using phentermine and lasix. The
Board's complaint alleged that Dolenz failed to record the amounts of phentermine prescribed to
P.P. during a six-month period and failed to establish a medical necessity for the extended use of
the drug. The Board also challenged Dolenz's administration of lasix to P.P. for treating obesity. 

 Because P.P.'s records listed her weight at 128 pounds and height at five feet, five
inches tall, Nemir questioned the necessity of weight-loss treatment. Nemir testified that nothing
in the record justified the medical necessity of prescribing phentermine for six months. After six
months of taking phentermine, P.P. weighed 110 pounds. Although 110 pounds was her target
and "ideal weight," phentermine continued to be prescribed. In addition, nothing indicated that
lab work had been done on P.P. while she received phentermine. Nemir testified that P.P.'s
records did not contain a medical justification for lasix. 

 Dolenz testified that because P.P. was a model, she needed to lose weight quickly. 
He believed that the treatment he provided to P.P. was acceptable and within the reasonable
standard of care. On cross-examination Dolenz stated that he could not identify some of the
handwriting on the entries in P.P.'s chart. He testified that he only felt responsible for the entries
he made. Dolenz testified that when P.P. reached 110 pounds, the note recording additional doses
of phentermine was not in his handwriting, although he did not dispute that P.P. received
additional phentermine on that date. Dolenz did not know who made the entry. He also testified
that P.P. was not harmed by his treatment and that she did not complain to him about the
treatment. 


 Patient J.T.

 Dolenz treated J.T. for psychiatric problems related to depression and marital
difficulties. According to the Board's inquiry, Dolenz prescribed demerol to J.T. Nemir
explained that demerol is used to alleviate pain. The Board's complaint alleges that nothing in
J.T.'s medical records indicated a medical necessity for a demerol prescription. J.T.'s medical
records did not show that Dolenz prescribed demerol. However, Department of Public Safety
records contained a copy of the triplicate form used for certain controlled drug prescriptions,
indicating Dolenz had prescribed demerol to J.T. In addition, Ms. Ingrid Hinojosa, an
investigator for the Board, testified that Dolenz told her he had given injectable demerol to J.T. 
When Dolenz administered demerol to J.T., her records reflected flu symptoms and problems with
anxiety. According to Nemir, such symptoms do not indicate a need for demerol. Nemir also
testified that the documentation did not support a therapeutic use of demerol injections. Nemir
acknowledged that there was a reference in J.T.'s records to intestinal obstruction; however, it
was difficult to determine to whom the reference pertained, as other family members of J.T. were
mentioned in J.T.'s records. Nemir also stated that the giving of demerol and the amount of
demerol administered should been recorded in the patient's records.

 Although Dolenz admitted prescribing demerol to J.T., he denied giving her
injectable demerol. Dolenz testified that he prescribed demerol to J.T. for pain associated with
intestinal obstructions. 

 After reviewing the evidence in the record, we agree with the trial court that the
record contains substantial evidence to support the Board's findings that Dolenz's conduct
described above violates section 3.08(18) of the Medical Practices Act.


Failure to Maintain Bound Book for Purchases and Disposals of Controlled Substances 

 The Board alleged that Dolenz failed to maintain complete and accurate records in
a separate bound book or ledger of his purchases and disposals of controlled drugs in violation of
section 3.08(4)(B). Nemir testified that both phentermine and demerol are controlled drugs. Both
Ms. Hinojosa and Dolenz testified he did not have a bound book containing records of his receipts
and dispensations of controlled drugs. He also did not have invoices or other documentation
showing receipt of drugs from pharmaceutical companies. Ms. Hinojosa testified that Dolenz
should have recorded his dispensations of phentermine and demerol in a bound book.

 Dolenz was not aware of the requirement to maintain a bound book showing the
clinic's receipt and dispensations of controlled drugs. He continued the practice established by
Dr. Lorenz of keeping the records of these type of prescriptions on individual sheets of paper on
a clipboard, which were not bound. He further opined that with regard to his documentation of
treatments in general that his patient records are adequate for the patients' needs. 

 After reviewing the evidence in the record, we agree with the trial court that the
record contains substantial evidence to support the Board's findings that Dolenz's conduct
described above violates section 3.08(4)(B). Because we have concluded that substantial evidence
supports the Board's decision that Dolenz violated sections 3.08(4)(B) and 3.08(18), we overrule
that part of point of error four which challenged the evidence supporting the Board's order. 


Discovery Not Permitted in Judicial Review of Administrative Agency Decision

 In his second point of error, Dolenz complains that the trial court erred in failing
to consider the apparently unanswered requests for admission propounded by Dolenz on the Board.
Because this is a substantial evidence review of an administrative agency decision, only the record
before the agency should be considered by the court. Texas State Bd. of Dental Examiners v.
Sizemore, 759 S.W.2d 114, 116 (Tex. 1988), cert. denied, 490 U.S. 1080, 109 S. Ct. 2100, 104
L. Ed. 2d 662 (1989). In a suit for judicial review, there is no need to conduct discovery. Testoni
v. Blue Cross & Blue Shield 861 S.W.2d 387, 391 (Tex. App.--Austin 1992, no writ), overruled
in part on other grounds, Montgomery v. Blue Cross and Blue Shield of Texas, Inc., 923 S.W.2d
147, 151 (Tex. App.--Austin 1996, writ denied) (en banc); see Tex. Gov't Code Ann.
§ 2001.175(d) (West 1999) (absent procedural irregularities, substantial evidence review is limited
to the agency record). We overrule Dolenz's second point of error. 


Summary Judgment not Available with an APA Substantial Evidence Review

 In his first point of error, Dolenz also argues that the trial court erred in denying
his motion for summary judgment. As stated above, a substantial evidence review is limited to
the agency record. See Tex. Gov't Code Ann. § 2001.175 (West 1999). Section 2001.174 defines
the standard of review. Neither section 2001.174 nor 2001.175 contemplates a summary-judgment
proceeding. See Tex. Gov't Code Ann.§§ 2001.174, .175 (West 1999). We overrule Dolenz's
first point of error. 


Declaratory Judgment not Available in an APA Substantial Evidence Review

 In his third point of error, Dolenz argues that the trial court erred in failing to grant
his request for declaratory relief. A person disciplined by the Board may seek judicial review in 
a district court in Travis County under the substantial evidence rule. Tex. Rev. Civ. Stat. art.
4495b, § 4.09 (a), (b) (West Supp. 1999). A substantial evidence review is conducted without a
jury and confined to the agency record. Tex. Gov't Code Ann. § 2001.175(e) (West 1999). 
When a statute provides a method for attacking an agency order, a declaratory judgment action
directed at that order will not lie. Young Chevrolet, Inc. v. Texas Motor Vehicle Bd., 974 S.W.2d
906, 911 (Tex. App.--Austin 1998, pet. denied). Accordingly, we conclude Dolenz was not
entitled to declaratory relief in addition to his appeal of the Board's order. We overrule point of
error three. 


Constitutional Challenges 

 As part of his fourth point of error, Dolenz argues that the APA violates the open
courts and the right to trial by jury provisions of the Texas Constitution. See Tex. Const. art. I,
§§ 13, 15. Dolenz did not raise these constitutional challenges in the trial court. Accordingly,
these alleged errors have not been properly preserved for this Court's review. See Tex. R. App.
P. 33.1(a)(1). 

 Dolenz also argues that the Board was not impartial and violated his due process
rights because the hearing officer allegedly failed to distribute to the Board a post-hearing brief
that he submitted which challenged the hearing officer's proposal for decision. Error, if any, in
the hearing officer's failure to distribute a post-hearing brief does not require reversal as Dolenz
has not shown that his substantial rights have been prejudiced. See Tex. Gov't Code Ann.
§ 2001.174 (West 1999); Mullen v. Employees Retirement Sys., 935 S.W.2d 189, 191 (Tex.
App.--Austin 1996, writ denied). We conclude Dolenz has not shown that he was denied due
process as a result of the Board's proceedings. We overrule the remaining portions of point of
error four. 


CONCLUSION


 Having overruled all of Dolenz's points of error, we affirm the trial-court judgment. 



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: July 15, 1999

Do Not Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Medical Practices Act, 67th Leg., 1st C.S., ch. 1, § 1, 1981 Tex. Gen. Laws 1, 20 (now
Tex. Rev. Civ. Stat. Ann. art. 4495b, § 3.08(4)(E)(West Supp. 1999) (disciplinary action may be
taken for the prescription or administration of a drug or treatment that is nontherapeutic in nature).
2. See Medical Practices Act, 67th Leg., 1st C.S., ch.1, § 1, 1981 Tex. Gen. Laws 1, 21
(current version Tex. Rev. Civ. Stat. Ann. art. 4495b, § 3.08(18) (West Supp. 1999) (disciplinary
action may be taken for professional failure to practice medicine in an acceptable manner
consistent with public health and welfare).
3. See Medical Practices Act, 67th Leg., 1st C.S., ch. 1, § 1, 1981 Tex. Gen. Laws 1, 34 as
amended by Act of May 26, 1989, 71st Leg., R.S., ch. 907, 1989 Tex. Gen. Laws 3935, 3935
(current version Tex. Rev. Civ. Stat. Ann. art. 4495b, § 5.09(a) (West Supp. 1999) (physician
may supply drugs as necessary to meet the patients' immediate needs).
4. See Medical Practices Act, 67th Leg., 1st C.S., ch. 1, § 1, 1981 Tex. Gen. Laws 1, 19 as
amended by Act of May 30, 1983, 68th Leg., R.S., ch. 974, 1983 Tex. Gen. Laws 5291, 5294-95, as amended by Act of March 21, 1991, 72d Leg., R.S., ch. 14, § 284 (40), (42), 1991 Tex.
Gen. Laws 219, 228-30 (current version Tex. Rev. Civ. Stat. Ann. art. 4495b, § 3.08(4)(B) (West
Supp. 1999) (physician may be disciplined for failing to keep complete and accurate records of
purchases and disposals of drugs listed in Chapter 481 of the Health and Safety Code or controlled
substances listed in 21 U.S.C.A § 801 et seq.). 
5. See Tex. Health & Safety Code Ann. § 481.032(b) (West Supp. 1999). 



ude Dolenz was not
entitled to declaratory relief in addition to his appeal of the Board's order. We overrule point of
error three. 


Constitutional Challenges 

 As part of his fourth point of error, Dolenz argues that the APA violates the open
courts and the right to trial by jury provisions of the Texas Constitution. See Tex. Const. art. I,
§§ 13, 15. Dolenz did not raise these constitutional challenges in the trial court. Accordingly,
these alleged errors have not been properly preserved for this Court's review. See Tex. R. App.
P. 33.1(a)(1). 

 Dolenz also argues that the Board was not impartial and violated his due process
rights because the hearing officer allegedly failed to distribute to the Board a post-hearing brief
that he submitted which challenged the hearing officer's proposal for decision. Error, if any, in
the hearing officer's failure to distribute a post-hearing brief does not require reversal as Dolenz
has not shown that his substantial rights have been prejudiced. See Tex. Gov't Code Ann.
§ 2001.174 (West 1999); Mullen v. Employees Retirement Sys., 935 S.W.2d 189, 191 (Tex.
App.--Austin 1996, writ denied). We conclude Dolenz has not shown that he was denied due
process as a result of the Board's proceedings. We overrule the remaining portions of point of
error four. 


CONCLUSION


 Having overruled all of Dolenz's points of error, we affirm the trial-court judgment. 



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: July 15, 1999

Do Not Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Medical Practices Act, 67th Leg., 1st C.S., ch. 1, § 1, 1981 Tex. Gen. Laws 1, 20 (now
Tex. Rev. Civ. Stat. Ann. art. 4495b, § 3.08(4)(E)(West Supp. 1999) (disciplinary action may be
taken for the prescription or administration of a drug or treatment that is nontherapeutic in nature).
2. See Medical Practices Act, 67th Leg., 1st C.S., ch.1, § 1, 1981 Tex. Gen. Laws 1, 21
(current version Tex. Rev. Civ. Stat. Ann. art. 4495b, § 3.08(18) (West Supp. 1999) (disciplinary
action may be taken for professional failure to practice medicine in an acceptable manner
consistent with public health and welfare).
3. See Medical Practices Act, 67th Leg., 1st C.S., ch. 1, § 1, 1981 Tex. Gen. Laws 1, 34 as
amended by Act of May 26, 1989, 71st Leg., R.S., ch. 907, 1989 Tex. Gen. Laws 3935, 3935
(current version Tex. Rev. Civ. Stat. Ann. art. 4495b, § 5.09(a) (West Supp. 1999) (physician
may supply drugs as necessary to meet the patients' immediate needs).
4. See Medical Practices Act, 67th Leg., 1st C.S., ch. 1, § 1, 1981 Tex. Gen. Laws 1, 19 as
amended by Act of May 30, 1983, 68th Leg., R.S., ch. 974, 1983 Tex. Gen. Laws 5291, 5294-95, as amended by Act of March 21, 1991, 72d Leg., R.S., ch. 14,