COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-398-CV
 
TEXAS DEPARTMENT OF PUBLIC SAFETY       
           
           
           
           
APPELLANT
V.
ROBERT FRANKLIN MITCHELL    
                                                                     
APPELLEE
------------
FROM THE 97
TH DISTRICT COURT OF CLAY
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant, the Texas Department of Public Safety (DPS), appeals the
district court's reversal of an administrative decision to suspend a suspected
drunk driver's license. In Appellant's sole issue on appeal, it claims that the
district court erred in ruling that the DPS Trooper Michael J. McElroy gave a
defective warning in this case. Appellant contends that while the transportation
code requires an officer to give specific warnings to a driver before the
officer may request an alcohol specimen, the record shows that McElroy gave
those warnings in this case. Appellee, Robert Franklin Mitchell, filed a
cross-point, arguing that if Appellant is correct in its contention, the trial
court's decision should still be affirmed because a fatal defect existed in the
DIC-23 affidavit in which McElroy stated he gave Appellee the required warnings,
and therefore, the district court erred in not reversing the administrative law
judge's decision on this issue. We reverse and render.
FACTS
On December 10, 1999, McElroy arrested Appellee for suspected driving
while intoxicated. McElroy requested that Appellee submit to a breath test.
Appellee refused to submit, and McElroy served him with a notice of suspension
of his driver's license. Appellee then requested an administrative hearing to
contest his suspension. After the hearing, the administrative law judge
sustained the suspension. Appellee appealed the decision to the county court,
and the case was then transferred to a district court. The district court held
that McElroy had given Appellee a defective warning. The district court reversed
the decision suspending Appellee's driver's license, and Appellant petitioned
this court for review.
 
STANDARD OF REVIEW
When a person has his or her driver's license suspended following an
administrative hearing, that person is entitled to judicial review of the
decision. See TEX. TRANSP.
CODE ANN. § 524.041 (Vernon
1998). Judicial review is based on the substantial evidence rule. See
id. § 524.002(b); Tex. Dep't of Pub. Safety v. Bond,
955 S.W.2d 441, 445 (Tex. App.--Fort Worth 1997, no pet). When reviewing an
administrative decision, the reviewing court must reverse or remand the case for
further proceedings if the appellant's substantial rights have been prejudiced
because the administrative decision is not reasonably supported by substantial
evidence. See TEX. GOV'T.
CODE ANN. § 2001.174
(Vernon 2000).
In conducting a substantial evidence review, the reviewing court may
hear and consider evidence to determine whether reasonable support for the
agency's order exists, but the agency remains the primary fact-finder, and the
question for the trial court is strictly one of law. See
Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer, 662 S.W.2d
953, 956 (Tex. 1984); McKinley Iron Works, Inc. v. Tex.
Employment Comm'n, 917 S.W.2d 468, 470 (Tex. App.--Fort Worth 1996, no
writ). The true test is not whether the agency reached the correct conclusion,
but whether some reasonable basis exists in the record for the action taken by
the agency. See Tex. Health Facilities Comm'n v. Charter
Med.-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984); McKinley,
917 S.W.2d at 470. We must sustain the agency's action if the evidence as a
whole is such that reasonable minds could have reached the same conclusion as
that of the administrative agency. See City of El Paso v. Pub.
Util. Comm'n, 883 S.W.2d 179, 186 (Tex. 1994); Charter
Med.-Dallas, 665 S.W.2d at 452; Tex. Dep't of Pub. Safety
v. Ray, 943 S.W.2d 87, 89 (Tex. App.--Fort Worth 1997, no writ).
Under these principles, if substantial evidence that supports the
agency's ruling exists, the trial court must yield to the discretion exercised
by the agency empowered by law to make that ruling. See
McKinley, 917 S.W.2d at 470. Findings, inferences, conclusions, and
decisions of an administrative agency are presumed to be supported by
substantial evidence, and the burden is on the contestant to prove otherwise. City
of El Paso, 883 S.W.2d at 186.
DIC-24 WARNING
Appellant contends that the district court abused its discretion when
it reversed the agency's ruling. Appellant claims that the administrative record
shows that Appellee received the warnings in this case required by the Texas
Transportation Code. See TEX. TRANSP.
CODE ANN. § 724.015 (Vernon
Supp. 2003) (requiring the police officer to warn the suspected intoxicated
driver prior to requesting a breath specimen both orally and in writing of the
consequences of taking or refusing to take a breath test, including the fact
that a refusal to take a breath test will lead to an automatic suspension of the
driver's license).
Appellee counters by stating that the district court did not err. He
claims that the evidence in this case does not reveal precisely what warning
Appellee received and does not indicate whether he received it before or after
the request for a specimen. Appellee contends, therefore, that Appellant failed
to prove that it gave Appellee the proper warning. See Tex.
Dep't of Pub. Safety v. Thomas, 985 S.W.2d 567, 568 (Tex. App.--Waco 1998,
no pet.) ("In order to ensure that a suspect's refusal is voluntary, the
police must warn the suspect about the actual, direct, statutory
consequences of the suspect's refusal."). The district court agreed with
Appellee and held that McElroy gave a defective warning. While the district
court did not detail the reasons for its ruling, logic dictates that the court
determined either that the warning did not comply with the statute or McElroy
failed to properly administer the warning to Appellee.
In this case, McElroy used form DIC-24 to provide Appellee with his
statutory warnings. Appellant designed DIC-24 as a standard form for the request
of breath specimens from suspected intoxicated drivers. Martin
v. Dep't of Pub. Safety, 964 S.W.2d 772, 773 (Tex. App.--Austin 1998, no
pet.). The form follows the statutory requirements of the transportation code. See
TEX. TRANSP. CODE
ANN. § 724.015. We hold that the
warnings given in the DIC-24 provided Appellee with the statutorily-required
warnings.
Next, we must determine whether sufficient evidence exists to show that
McElroy properly administered the statutory warning. Appellant introduced three
pieces of evidence in the administrative hearing and provided no oral testimony.
It introduced McElroy's DIC-23 affidavit, the offense report of this case, and
the signed DIC-24 warning form. McElroy's affidavit had a clause in it that
purported to incorporate the offense report and form DIC-24 by reference.
Specifically the clauses stated that the form DIC-24 and the TLE - 1 Offense
Report are "incorporated by reference for all purposes as if written and
copied herein." The affidavit was properly notarized.
Appellee contends that: the administrative law judge erred in not
excluding the documents because they violated the best evidence rule; the
administrative judge improperly admitted the documents; and the three documents
were not properly authenticated. Appellee further argues that when the
administrative judge admitted the documents into evidence, he violated
Appellee's due process rights.
The best evidence rule states that "[t]o prove the content of a
writing, recording, or photograph, the original writing, recording, or
photograph is required except as otherwise provided in these rules or by
law." TEX. R. EVID.
1002. Appellee claims that the administrative law court erred in allowing
Appellant to prove that McElroy gave Appellee the warnings by introducing the
DIC-23 affidavit into evidence. Appellee argues Appellant could not introduce
any evidence other than the DIC-24 warning to show that McElroy gave the
warning.
While a party generally cannot introduce testimony of the contents of a
legal document other than the original document, this rule has no effect on the
facts in this case. See Osuna v. Quintana, 993 S.W.2d 201,
206 (Tex. App.--Corpus Christi 1999, no pet.) (stating that "the best
evidence rule applies only to prove the contents of an
original writing") (emphasis added). McElroy's affidavit did not offer
evidence of the contents of the DIC-24. His affidavit merely states that he read
the document to Appellee. Therefore, the best evidence rule does not affect this
evidence. Id.
Appellee also seems to imply that the best evidence rule does not allow
the admission of the documents in this case because Appellant introduced copies
of the affidavit and warnings instead of the originals. Rule 1005 of the Texas
Rules of Evidence states that a party may use copies of public records in place
of the originals. See TEX. R. EVID.
1005 ("The contents of an official record or of a document authorized to be
recorded or filed and actually recorded or filed . . . may be proved by copy,
certified as correct in accordance with Rule 902."); see
also TEX. R. EVID.
902(4) (holding that a copy of a public record is self authenticating when
"certified as correct by the custodian or other person authorized to make
the certification"); Int'l Fidelity Ins. Co. v. State,
65 S.W.3d 724, 727 (Tex. App.--El Paso 2001, no pet.) (holding that an exception
to the best evidence rule exists for a public record if it complies with rule
902).
The fact that Appellant introduced copies of the original documents in
its file had no effect on their admissibility. Id.
Further, the custodian of the records properly authenticated the copies under
rule 902(4) by certifying that they were true and correct copies of the official
report on file with Appellant and by signing the certification. See
generally Tex. Dep't of Pub. Safety v. Mendoza, 956 S.W.2d 808, 810-12
(Tex. App.--Houston [14th Dist.] 1997, no pet.) (holding that the court did not
err by admitting the officer's affidavit and statutory warning sheet under rule
902(4)).
Appellee additionally claims that the administrative law judge
improperly admitted both the DIC-23 and DIC-24 because they contained hearsay
and were not made under oath. A party may introduce forms DIC-23 and DIC-24 as
public records under rule of evidence 803(8),(2)
which is an exception to hearsay and allows for the admission of "[r]ecords,
reports, statements, or data compilations, in any form, of public offices or
agencies setting forth . . . matters observed pursuant to duty imposed by law as
to which matters there was a duty to report." TEX.
R. EVID. 803(8)(B). We hold
that the administrative law judge properly admitted the DIC-23 and DIC-24 forms
in the administrative hearing.
Because the documents do not violate the best evidence rule, are
self-authenticating, and were otherwise properly admitted, the administrative
law judge correctly overruled Appellee's objections to these documents and based
its decision on the documents. Having found that the administrative law judge
did not err in admitting the documents, we must now determine if the documents
support the administrative law judge's judgment.
In the DIC-23 affidavit, McElroy stated that "[a]fter arriving at
the jail I read the DIC-24 to Mitchell requesting a breath specimen. Mitchell
refused to give a specimen and was served a Notice of Suspension." The
DIC-24 form, which McElroy read to Appellee prior to requesting a breath
specimen, states "I certify that I have informed you both orally and in
writing of the consequences of refusing to submit to the taking of a specimen or
providing a specimen. I have provided you with a complete and true copy of this
statutory warning. I am now requesting a specimen of your [breath]."
Appellee refused to provide the breath specimen and sign the form. McElroy noted
Appellee's refusal and then signed the form himself.
The evidence shows that McElroy orally read the DIC-24 warnings to
Appellee. The DIC-24 warnings incorporate the statutory requirements and amount
to a sufficient warning to Appellee of the consequences of refusing to provide a
breath specimen. See Shirley v. Tex.
Dep't of Pub. Safety, 974 S.W.2d 321, 323-24 (Tex. App.--San Antonio 1998,
no pet.) (holding that the DIC-24 "warning does not violate a statutory
provision nor does it prejudice a substantial right"). Appellee received a
copy of the warnings from McElroy before McElroy read the DIC-24 form.
The evidence properly admitted in the administrative hearing supported
the suspension of Appellee's license. The evidence showed that Appellee received
the statutory warnings prior to refusing to give a breath specimen, and that he
received the warnings both orally and in writing. Appellee argued that the
improper admission of the evidence violated his due process rights; however,
because the administrative judge properly admitted the evidence, Appellee's due
process rights were not violated. We hold that reasonable minds could have
reached the same conclusion as that of the administrative agency. See
City of El Paso, 883 S.W.2d at 186. The district court, therefore,
committed error by reversing the administrative law judge's ruling based on an
allegedly defective warning. We sustain Appellant's only issue on appeal.
APPELLEE'S CROSS-POINT
Appellee contends in his cross-point that the incorporation of the
offense report in the DIC-23 affidavit did not properly authenticate the report
or sufficiently identify it. Appellee raised this point when he appealed the
administrative law judge's ruling. The district court declined to rule on the
point, and found only that the warning was defective. It is Appellee's
contention that even if we find that the warning is not defective, we should
still affirm the district court's ruling because the DIC-23 affidavit did not
sufficiently identify the offense report in this case.
In support of Appellee's argument, Appellee cites a Houston court of
appeals case. See Trim v. Daniels, 862 S.W.2d 8, 10 (Tex.
App.--Houston [1st Dist.] 1993, writ denied). This case does not support
Appellee's position. Trim involved the alleged
incorporation of a document in a holographic will. Id. at
9. The document stated that the testator would like the will to be handled
"pursuant to" an incomplete will he had previously written. Id.
The court in Trim held that the incomplete will referenced
by the testator could not be incorporated because the holographic will did not
expressly show the testator's intent to do so. See id. at
10 (holding that "[t]he testator's intention to incorporate by reference
must be clearly expressed in the will"). The court stated that the
"words 'pursuant to' are not equivalent to 'incorporated.'" Id.
In this case, Appellant specifically requested that the offense report be
"incorporated" into the DIC-23 affidavit. Appellee claims that,
because the offense report is incomplete, McElroy could not incorporate it into
the DIC-23 affidavit. We disagree. The court in Trim
refused to incorporate the incomplete will because there was no showing of the
testator's intent to include the document in the will. Id.
The facts in the present case show that McElroy specifically intended
the DIC-24 and the offense report to be incorporated by reference. McElroy
stated that the offense report should be "incorporated by reference for all
purposes as if written and copied herein." Following the holding in the
case cited by Appellee, the offense report was incorporated by reference because
McElroy expressly showed his intent to incorporate the offense report into the
affidavit. See id.
Appellee also argues that the offense report was not identified
properly through the DIC-23 affidavit. Specifically, Appellee argues that the
number of pages and the description, "TLE-1 Offense Report," was
insufficient to identify the report. He claims that this description could refer
to a number of documents, and so, we cannot know which document was
incorporated. Appellee fails to show any other document that would fit the
description. The description of the document included the name of the document
as TLE-1 Offense Report, the number of pages the document contained, and that
the contents of the document described the facts of Appellee's arrest. This
description was sufficient to identify only one document evidenced by Appellee's
failure to point to any other document that would fit this description. We hold
that McElroy's description of the offense report was sufficient to identify it
for incorporation.
For further argument, Appellee cites to a Dallas court of appeals
decision. See Gerstacker v. Blum Consulting Eng'rs, Inc.,
884 S.W.2d 845, 848 (Tex. App.--Dallas 1994, writ denied). Appellee claims that,
because McElroy failed to swear to the truth of the offense report separately,
it could not be part of the affidavit. The case that Appellee cites does not
support this argument. The court in Gerstacker stated that
in order for an affidavit to be admissible, the party "must swear or affirm
under oath that the facts stated are true." Id.
In the present case, McElroy swore to the truth of his affidavit
written on form DIC-23. Further, Appellee properly incorporated the offense
report into the DIC-23 affidavit. See Gratzer,
982 S.W.2d at 90 (holding that the oath on the DIC-23 affidavit transfers to
documents which are properly incorporated into it). This had the legal effect of
binding McElroy by oath to tell the truth on the offense report subject to
perjury. Id.
We hold that McElroy intentionally and specifically incorporated the
offense report into the affidavit. The offense report was part of the affidavit,
and McElroy was subject to the threat of perjury if it was proven untrue.
Finally, Appellee argues that the offense report was not separately
authenticated by the custodian of records. The offense report shows the seal of
the custodian of records and was properly authenticated under the same analysis
as form DIC-23 was authenticated. Further, because the offense report was
properly incorporated into the affidavit, we treat it as if it was written in
the affidavit. See Tex. Dep't of Pub. Safety v. Struve, 79
S.W.3d 796, 803-04 (Tex. App.--Corpus Christi 2002, pet. denied) (holding that
DIC-23 is properly admitted under the public records exception). Because the
offense report was properly incorporated into the DIC-23 affidavit, the
administrative law judge did not err in admitting it, and the district court did
not err in refusing to find error. We overrule Appellee's cross-point on appeal.
CONCLUSION
Having found that the district court improperly reversed the
administrative law judge's ruling, we reverse the district court's judgment and
render judgment affirming the decision of the administrative law judge.
 
   
                                                                    SAM
J. DAY
   
                                                                    JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
 
DELIVERED: April 17, 2003

1.  See TEX. R. APP.
P. 47.4.
2.  Many cases have held that a party may admit forms
DIC-23 and DIC-24 under rule 803(8). Tex. Dep't of Pub. Safety
v. Silva, 988 S.W.2d 873, 876 (Tex. App.--San Antonio 1999, pet. denied); Tex.
Dep't of Pub. Safety v. Gratzer, 982 S.W.2d 88, 90 (Tex. App.--Houston [1st
Dist.] 1998, no pet.); Mendoza, 956 S.W.2d at 810.