**INTERNATIONAL FIDELITY INSURANCE CO. (Agent V. Apodaca III d/b/a Alamo Bail Bonds), Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–01–00040–CV.**

Court of Appeals of Texas, El Paso.

Nov. 1, 2001.

Gonzalo Garcia, El Paso, for appellant.

Jose R. Rodriguez, County Atty., Arne Carl Schonberger, Asst. County Atty., El Paso, for state.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

International Fidelity Insurance Company[1] appeals from a final judgment forfeiting a surety bond in the amount of $25,000. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Jaime Olvera–Ramos, the Principal, was arrested for possession of more than fifty but less than 2,000 pounds of marihuana. On May 6, 2000, he posted a $30,000 surety bond in connection with the charge. IFIC is the surety on the bond. Following his indictment, Olvera–Ramos did not appear for arraignment. Consequently, the trial court forfeited the bond and issued a judgment *nisi* in the sum of $30,000 against Olvera–Ramos and IFIC. The trial court later conducted a final hearing on the judgment *nisi*. After remitting $5,000 of the original $30,000, the court rendered judgment against Olvera–Ramos and IFIC, jointly and severally, in the amount of $25,000.

## FAILURE TO PRODUCE ORIGINAL BOND

■■■ In Point of Error One, IFIC contends that the evidence is insufficient to support the bond forfeiture because the State failed to produce the original bond at the final hearing. The proceedings relat-

ing to bond forfeitures are entirely statutory. *Blue v. State,* 170 Tex.Crim. 449, 341 S.W.2d 917, 919 (1960); *Hubbard v. State,* 814 S.W.2d 402, 403 (Tex.App.—Waco 1991, no pet.). The State must establish four essential facts, as provided by statute, to be entitled to a bond forfeiture: (1) a valid bond executed by the surety; (2) failure of a defendant bound by bail to appear in a court in which his case is pending when his personal appearance is required under the Code; (3) the name of the defendant shall have been called distinctly at the courthouse door; and (4) no valid reason for the principal not appearing. *Alvarez v. State,* 861 S.W.2d 878, 881 (Tex.Crim.App.1992); *see* TEX.CODE CRIM. PROC.ANN. art. 17.08 (Vernon Supp.2001)(requisites of a bail bond); TEX. CODE CRIM.PROC.ANN. art. 22.01 (Vernon 1989)(when bail is forfeited); TEX.CODE CRIM.PROC.ANN. art. 22.02 (manner of taking a forfeiture of bail and personal bonds); TEX.CODE CRIM.PROC.ANN. art. 22.13 (causes which will exonerate from liability upon forfeiture taken). At the final hearing, the essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment *nisi. Alvarez,* 861 S.W.2d at 880–81; *Tocher v. State,* 517 S.W.2d 299, 301 (Tex.Crim.App.1975). A judgment *nisi* is *prima facie* proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise. *Alvarez,* 861 S.W.2d at 881; *Tocher,* 517 S.W.2d at 301. Once a *prima facie* case has been established, the defendant must then prove that one of the statutory requirements of the judgment *nisi* has not been satisfied.

1. According to the appellate record, an individual named V. Apodaca III, doing business as Alamo Bail Bonds, is an agent for International Fidelity Insurance Company. Throughout the opinion, we will refer to Appellant as IFIC.

*Alvarez,* 861 S.W.2d at 881; *Tocher,* 517 S.W.2d at 301.

■ At the final hearing, the trial court admitted a certified copy of the original bond over IFIC's objection that a certified copy is not "the best evidence." On appeal, IFIC additionally argues that "[w]hen the original bond was ultimately produced, the district clerk's file stamp reflected an entry date *after* the Judgment Nisi had been filed." Thus, it reasons that the State failed to prove IFIC had executed a valid bond.

■ Article X of the Rules of Evidence codifies the common law "best evidence" rule. *Englund v. State,* 946 S.W.2d 64, 67 (Tex.Crim.App.1997); *Ballard v. State,* 23 S.W.3d 178, 181 (Tex.App.—Waco 2000, no pet.). Rule 1002 provides that the original of a writing, recording, or photograph is required to prove its contents unless otherwise provided. *See* TEX. R.EVID. 1002; *see also Englund,* 946 S.W.2d at 67. Thus, an objection that evidence is not the "best evidence" asserts that a copy or reproduction of a writing, recording, or photograph is inadequate and should be replaced by the original. *Menefee v. State,* 928 S.W.2d 274, 278 (Tex. App.—Tyler 1996, no pet.). There are several exceptions to Rule 1002, including Rule 1005, which pertains to public records.[2] Pursuant to Rule 1005, a copy of a public record will be admissible in place of the original where the copy is certified in accordance with Rule 902. *Reed v. State,* 811 S.W.2d 582, 585 n. 11 (Tex.Crim.App.1991)(opinion on State's motion for rehearing). Rule 902(4), in turn, provides that certified copies of public records are self-authenticating. TEX. R.EVID. 902(4).[3] Contrary to IFIC's objection, the certified copy of the bond is the "best evidence" of the document by virtue of these rules. Therefore, the trial court did not err in admitting the certified copy into evidence and the State proved the existence of the bond by sufficient evidence. *See Gonzales v. State,* 831 S.W.2d 491, 493 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd)(certified copies of court judgments are the best evidence and are admissible to prove prior convictions).

■ Regarding IFIC's argument that a valid bond was not "on file" at the time of the judgment *nisi,* the judgment *nisi* is *prima facie* evidence that a valid bond existed. At the final hearing, IFIC had the burden to prove that a valid bond did not exist. IFIC cites no authority for its assertion that the bond must have been filed in the criminal case prior to the bond forfeiture in order to be a valid bond. The certified copy of the bond admitted into evidence at the final hearing reflects that IFIC and Olvera–Ramos executed the bond on May 6, 2000 and the trial court issued the judgment *nisi* on June 13, 2000.

2. Rule 1005 provides that: "The contents of an official record or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given." TEX.R.EVID. 1005.

3. Rule 902(4) provides that: "A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority." TEX.R.EVID. 902(4).

728

The bond was filed with the district clerk in the bond forfeiture case on June 16, 2000. The evidence is sufficient to show the existence of a valid bond. Point of Error No. One is overruled.

## CALLING OF PRINCIPAL'S NAME

■ In Point of Error No. Two, IFIC argues that the State failed to establish that the principal's name was called at the courthouse door. The trial court took·judicial notice of the judgment *nisi* at the final hearing which served as *prima facie* evidence that Olvera–Ramos's name was called at the courthouse door but he did not appear. IFIC attempted to rebut it by offering the testimony of the bailiff, Robert Alarcon, who testified generally regarding the procedures he follows when a defendant does not appear. After the case is called and the defendant does not appear, Alarcon calls the case three times in the lobby and three times outside of the courthouse. If the defendant does not appear, he returns to the court and makes a record. He also files an affidavit explaining the procedure followed in a given case. He had no independent recollection whether he had followed the procedure in this particular case. Consistent with his testimony, Alarcon had executed an affidavit on June 5, 2000, stating that he had called the name of Jaime Olvera–Ramos in front of the courthouse but he did not appear when called. It is unclear why the State did not refresh Alarcon's memory with the affidavit. However, the trial court, upon the State's request, took judicial notice of Alarcon's affidavit.

■ On appeal, we presume that the recitations in the judgment *nisi* pertaining to the defendant's name being called were performed in accordance with the statute. *See Tocher,* 517 S.W.2d at 301; *Allegheny Casualty Co. d/b/a Exit Bail Bonds v. State,* 52 S.W.3d 894, 897 (Tex.App.—El Paso 2001, no pet.). Therefore, IFIC had the burden to prove that Olvera–Ramos' name was not called. *Id.* Alarcon's inability to recall what he did in this particular case is insufficient to negate the recitation in the judgment *nisi* that the principal's name was called and he did not appear. *See Tocher,* 517 S.W.2d at 301 (the bailiff's inability to remember whether he called the defendant's name three times as stated in the judgment *nisi* is not an affirmative showing that the recitations in the judgment *nisi* were incorrect); *Allegheny,* 52 S.W.3d at 898 (the bailiff's testimony—that while he had no personal knowledge of whether he called the defendant's name, his notation on the docket sheet indicated that he had—does not constitute affirmative evidence to show defendant's name was not called; it only demonstrates there are no official records that it was called). Further, Alarcon's affidavit sufficiently establishes that Olvera–Ramos' name was called at the courthouse door but he failed to appear. Point of Error No. Two is overruled. Having overruled both points of error, we affirm the judgment of the trial court.