Texas Department of Public Safety v. Robert Franklin Mitchell

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-398-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY APPELLANT

V.

ROBERT FRANKLIN MITCHELL APPELLEE

------------

FROM THE 97
TH
 DISTRICT COURT OF CLAY COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant, the Texas Department of Public Safety (DPS), appeals the district court’s reversal of an administrative decision to suspend a suspected drunk driver’s license.  In Appellant’s sole issue on appeal, it claims that the district court erred in ruling that the DPS Trooper Michael J. McElroy gave a defective warning in this case.  Appellant contends that while the transportation code requires an officer to give specific warnings to a driver before the officer may request an alcohol specimen, the record shows that McElroy gave those warnings in this case.  Appellee, Robert Franklin Mitchell, filed a cross-point, arguing that if Appellant is correct in its contention, the trial court’s decision should still be affirmed because a fatal defect existed in the DIC-23 affidavit in which McElroy stated he gave Appellee the required warnings, and therefore, the district court erred in not reversing the administrative law judge’s decision on this issue.  We reverse and render. 

FACTS

On December 10, 1999, McElroy arrested Appellee for suspected driving while intoxicated.  McElroy requested that Appellee submit to a breath test.  Appellee refused to submit, and McElroy served him with a notice of suspension of his driver’s license.  Appellee then requested an administrative hearing to contest his suspension.  After the hearing, the administrative law judge sustained the suspension.  Appellee appealed the decision to the county court, and the case was then transferred to a district court.  The district court held that McElroy had given Appellee a defective warning.  The district court reversed the decision suspending Appellee’s driver’s license, and Appellant petitioned this court for review.  

STANDARD OF REVIEW

When a person has his or her driver's license suspended following an administrative hearing, that person is entitled to judicial review of the decision.  
See
 T
EX
. T
RANSP
. C
ODE
 A
NN
. §  524.041 (Vernon 1998).  Judicial review is based on the substantial evidence rule.   
See id.
  § 524.002(b);  
Tex. Dep't of Pub. Safety v. Bond
, 955 S.W.2d 441, 445 (Tex. App.—Fort Worth 1997, no pet).  When reviewing an administrative decision, the reviewing court must reverse or remand the case for further proceedings if the appellant's substantial rights have been prejudiced because the administrative decision is not reasonably supported by substantial evidence.  
See
 T
EX
. G
OV'T
. C
ODE
 A
NN
. § 2001.174 (Vernon 2000).

In conducting a substantial evidence review, the reviewing court may hear and consider evidence to determine whether reasonable support for the agency's order exists, but the agency remains the primary fact-finder, and the question for the trial court is strictly one of law.  
See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer
, 662 S.W.2d 953, 956 (Tex. 1984);  
McKinley Iron Works, Inc. v. Tex. Employment Comm'n
, 917 S.W.2d 468, 470 (Tex. App.—Fort Worth 1996, no writ).  The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency.  
See Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.
, 665 S.W.2d 446, 452 (Tex. 1984); 
McKinley
, 917 S.W.2d at 470.  We must sustain the agency's action if the evidence as a whole is such that reasonable minds could have reached the same conclusion as that of the administrative agency.  
See City of El Paso v. Pub. Util. Comm'n
, 883 S.W.2d 179, 186 (Tex. 1994); 
Charter Med.-Da
llas, 665 S.W.2d at 452; 
Tex. Dep't of Pub. Safety v. Ray
, 943 S.W.2d 87, 89 (Tex. App.—Fort Worth 1997, no writ).

Under these principles, if substantial evidence that supports the agency's ruling exists, the trial court must yield to the discretion exercised by the agency empowered by law to make that ruling.  
See McKinley
, 917 S.W.2d at 470.  Findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise.  
City of El Paso
, 883 S.W.2d at 186.

DIC-24 WARNING

Appellant contends that the district court abused its discretion when it reversed the agency’s ruling.  Appellant claims that the administrative record shows that Appellee received the warnings in this case required by the Texas Transportation Code. 
 See
 T
EX
. T
RANSP
. C
ODE
 A
NN
. § 724.015 (Vernon Supp. 2003) (requiring the police officer to warn the suspected intoxicated driver prior to requesting a breath specimen both orally and in writing of the consequences of taking or refusing to take a breath test, including the fact that a refusal to take a breath test will lead to an automatic suspension of the driver’s license).

Appellee counters by stating that the district court did not err.  He claims that the evidence in this case does not reveal precisely what warning Appellee received and does not indicate whether he received it before or after the request for a specimen.  Appellee contends, therefore, that Appellant failed to prove that it gave Appellee the proper warning.  
See Tex. Dep’t of Pub. Safety v. Thomas,
 985 S.W.2d 567, 568 (Tex. App.—Waco 1998, no pet.) (“In order to ensure that a suspect's refusal is voluntary, the police must warn the suspect about the actual, direct, 
statutory
 consequences of the suspect's refusal.”).  The district court agreed with Appellee and held that McElroy gave a defective warning.  While the district court did not detail the reasons for its ruling, logic dictates that the court determined either that the warning did not comply with the statute or McElroy failed to properly administer the warning to Appellee. 

In this case, McElroy used form DIC-24 to provide Appellee with his statutory warnings.  Appellant designed DIC-24 as a standard form for the request of breath specimens from suspected intoxicated drivers.  
Martin v. Dep’t of Pub. Safety
, 964 S.W.2d 772, 773 (Tex. App.—Austin 1998, no pet.).  The form follows the statutory requirements of the transportation code.  
See
 T
EX
. T
RANSP
. C
ODE
 A
NN
. § 724.015.
  We hold that the warnings given in the DIC-24 provided Appellee with the statutorily-required warnings.

Next, we must determine whether sufficient evidence exists to show that McElroy properly administered the statutory warning.  Appellant introduced three pieces of evidence in the administrative hearing and provided no oral testimony.  It introduced McElroy’s DIC-23 affidavit, the offense report of this case, and the signed DIC-24 warning form.  McElroy’s affidavit had a clause in it that purported to incorporate the offense report and form DIC-24 by reference.  Specifically the clauses stated that the form DIC-24 and the TLE - 1 Offense Report are “incorporated by reference for all purposes as if written and copied herein.”  The affidavit was properly notarized.  

Appellee contends that: the administrative law judge erred in not excluding the documents because they violated the best evidence rule; the administrative judge improperly admitted the documents; and the three documents were not properly authenticated.  Appellee further argues that when the administrative judge admitted the documents into evidence, he violated Appellee’s due process rights.

The best evidence rule states that “[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by law.”  T
EX
. R. E
VID
. 1002.  Appellee claims that the administrative law court erred in allowing Appellant to prove that McElroy gave Appellee the warnings by introducing the DIC-23 affidavit into evidence.  Appellee argues Appellant could not introduce any evidence other than the DIC-24 warning to show that McElroy gave the warning.    

While a party generally cannot introduce testimony of the contents of a legal document other than the original document, this rule has no effect on the facts in this case.  
See Osuna v. Quintana
, 993 S.W.2d 201, 206 (Tex. App.—Corpus Christi 1999, no pet.) (stating that “the best evidence rule applies only to prove the 
contents
 of an original writing”) (emphasis added).  McElroy’s affidavit did not offer evidence of the contents of the DIC-24.  His affidavit merely states that he read the document to Appellee.  Therefore, the best evidence rule does not affect this evidence.  
Id.

Appellee also seems to imply that the best evidence rule does not allow the admission of the documents in this case because Appellant introduced copies of the affidavit and warnings instead of the originals.  Rule 1005 of the Texas Rules of Evidence states that a party may use copies of public records in place of the originals.  See T
EX
. R. E
VID
. 1005 (“The contents of an official record or of a document authorized to be recorded or filed and actually recorded or filed . . . may be proved by copy, certified as correct in accordance with Rule 902."); 
see also 
T
EX
. R. E
VID
. 902(4) (holding that a copy of a public record is self authenticating when “certified as correct by the custodian or other person authorized to make the certification”); 
Int’l Fidelity Ins. Co. v. State
, 65 S.W.3d 724, 727 (Tex. App.—El Paso 2001, no pet.) (holding that an exception to the best evidence rule exists for a public record if it complies with rule 902).  

The fact that Appellant introduced copies of the original documents in its file had no effect on their admissibility.
  Id.  
Further, the custodian of the records properly authenticated the copies under rule 902(4) by certifying that they were true and correct copies of the official report on file with Appellant and by signing the certification.  
See generally 
Tex. Dep't of Pub. Safety v. Mendoza
, 956 S.W.2d 808,
 810-12
 (Tex. App.—Houston [14th Dist.] 1997, no pet.)
 (holding that the court did not err by admitting the officer’s affidavit and statutory warning sheet under rule 902(4)).

Appellee additionally claims that the administrative law judge improperly admitted both the DIC-23 and DIC-24 because they contained hearsay and were not made under oath.  A party may introduce forms DIC-23 and DIC-24 as public records under rule of evidence 803(8),
(footnote: 2) which is an exception to hearsay and allows for the admission of “[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies setting forth . . . matters observed pursuant to duty imposed by law as to which matters there was a duty to report.”  T
EX
. R. E
VID
. 803(8)(B).  We hold that the administrative law judge properly admitted the DIC-23 and DIC-24 forms in the administrative hearing.

Because the documents do not violate the best evidence rule, are self-authenticating, and were otherwise properly admitted, the administrative law judge correctly overruled Appellee’s objections to these documents and based its decision on the documents.  Having found that the administrative law judge did not err in admitting the documents, we must now determine if the documents support the administrative law judge’s judgment.

In the DIC-23 affidavit, McElroy stated that “[a]fter arriving at the jail I read the DIC-24 to Mitchell requesting a breath specimen.  Mitchell refused to give a specimen and was served a Notice of Suspension.”  The DIC-24 form, which McElroy read to Appellee prior to requesting a breath specimen, states “I certify that I have informed you both orally and in writing of the consequences of refusing to submit to the taking of a specimen or providing a specimen.  I have provided you with a complete and true copy of this statutory warning.  I am now requesting a specimen of your [breath].”  Appellee refused to provide the breath specimen and sign the form.  McElroy noted Appellee’s refusal and then signed the form himself.  

The evidence shows that McElroy orally read the DIC-24 warnings to Appellee.  The DIC-24 warnings incorporate the statutory requirements and amount to a sufficient warning to Appellee of the consequences of refusing to provide a breath specimen.  
See
 
Shirley v. Tex. Dep’t of Pub. Safety,
 974 S.W.2d 321, 323-24 (Tex. App.—San Antonio 1998, no pet.) (holding that the DIC-24 “warning does not violate a statutory provision nor does it prejudice a substantial right”).  Appellee received a copy of the warnings from McElroy before McElroy read the DIC-24 form.  

The evidence properly admitted in the administrative hearing supported the suspension of Appellee’s license.  The evidence showed that Appellee received the statutory warnings prior to refusing to give a breath specimen, and that he received the warnings both orally and in writing.  Appellee argued that the improper admission of the evidence violated his due process rights; however, because the administrative judge properly admitted the evidence, Appellee’s due process rights were not violated.  We hold that reasonable minds could have reached the same conclusion as that of the administrative agency.  
See City of El Paso, 
883 S.W.2d at 186.  The district court, therefore, committed error by reversing the administrative law judge’s ruling based on an allegedly defective warning.  We sustain Appellant’s only issue on appeal.

APPELLEE’S CROSS-POINT

Appellee contends in his cross-point that the incorporation of the offense report in the DIC-23 affidavit did not properly authenticate the report or sufficiently identify it.  Appellee raised this point when he appealed the administrative law judge’s ruling.  The district court declined to rule on the point, and found only that the warning was defective.  It is Appellee’s contention that even if we find that the warning is not defective, we should still affirm the district court’s ruling because the DIC-23 affidavit did not sufficiently identify the offense report in this case.  

In support of Appellee’s argument, Appellee cites a Houston court of appeals case.  
See Trim v. Daniels
, 862 S.W.2d 8, 10 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  This case does not support Appellee’s position.  
Trim
 involved the alleged incorporation of a document in a holographic will.  
Id
. at 9.  The document stated that the testator would like the will to be handled “pursuant to” an incomplete will he had previously written.  
Id
.  The court in 
Trim
 held that the incomplete will referenced by the testator could not be incorporated because the holographic will did not expressly show the testator’s intent to do so.  
See id
. at 10 (holding that “[t]he testator's intention to incorporate by reference must be clearly expressed in the will”)
.
  The court stated that the “words ’pursuant to’ are not equivalent to ‘incorporated.’”  
Id.  
In this case, Appellant specifically requested that the offense report be “incorporated” into the DIC-23 affidavit.  Appellee claims that, because the offense report is incomplete, McElroy could not incorporate it into the DIC-23 affidavit.  We disagree.  The court in 
Trim
 refused to incorporate the incomplete will because there was no showing of the testator’s intent to include the document in the will.  
Id
.  

The facts in the present case show that McElroy specifically intended the DIC-24 and the offense report to be incorporated by reference.  McElroy stated that the offense report should be “incorporated by reference for all purposes as if written and copied herein.”  Following the holding in the case cited by Appellee, the offense report was incorporated by reference because McElroy expressly showed his intent to incorporate the offense report into the affidavit.  
See id
.

Appellee also argues that the offense report was not identified properly through the DIC-23 affidavit.  Specifically, Appellee argues that the number of pages and the description, “TLE- 1 Offense Report,” was insufficient to identify the report.  He claims that this description could refer to a number of documents, and so, we cannot know which document was incorporated.  Appellee fails to show any other document that would fit the description.  The description of the document included the name of the document as TLE-1 Offense Report, the number of pages the document contained, and that the contents of the document described the facts of Appellee’s arrest.  This description was sufficient to identify only one document evidenced by Appellee’s failure to point to any other document that would fit this description.  We hold that McElroy’s description of the offense report was sufficient to identify it for incorporation.

For further argument, Appellee cites to a Dallas court of appeals decision.  
See Gerstacker v. Blum Consulting Eng’rs, Inc.
, 884 S.W.2d 845, 848 (Tex. App.—Dallas 1994, writ denied).  Appellee claims that, because McElroy failed to swear to the truth of the offense report separately, it could not be part of the affidavit.  The case that Appellee cites does not support this argument.  The court in 
Gerstacker
 stated that in order for an affidavit to be admissible, the party “must swear or affirm under oath that the facts stated are true.”  
Id
.  

In the present case, McElroy swore to the truth of his affidavit written on form DIC-23.  Further, Appellee properly incorporated the offense report into the DIC-23 affidavit.  
See
 
Gratzer
, 982 S.W.2d at 90 (holding that the oath on the DIC-23 affidavit transfers to documents which are properly incorporated into it).  This had the legal effect of binding McElroy by oath to tell the truth on the offense report subject to perjury.  
Id.

We hold that McElroy intentionally and specifically incorporated the offense report into the affidavit.  The offense report was part of the affidavit, and McElroy was subject to the threat of perjury if it was proven untrue. 

Finally, Appellee argues that the offense report was not separately authenticated by the custodian of records.  The offense report shows the seal of the custodian of records and was properly authenticated under the same analysis as form DIC-23 was authenticated.  Further, because the offense report was properly incorporated into the affidavit, we treat it as if it was written in the affidavit.  
See Tex. Dep’t of Pub. Safety v. Struve
, 79 S.W.3d 796, 803-04 (Tex. App.—Corpus Christi 2002, pet. denied) (holding that DIC-23 is properly admitted under the public records exception).  Because the offense report was properly incorporated into the DIC-23 affidavit, the administrative law judge did not err in admitting it, and the district court did not err in refusing to find error.  We overrule Appellee’s cross-point on appeal.

CONCLUSION

Having found that the district court improperly reversed the administrative law judge’s ruling, we reverse the district court’s judgment and render judgment affirming the decision of the administrative law judge. 

SAM J. DAY 

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  April 17, 2003

FOOTNOTES
1:
See T
EX
. R. A
PP
. P. 47.4.

2: Many cases have held that a party may admit forms DIC-23 and DIC-24 under rule 803(8). 
 Tex. Dep’t of Pub. Safety v. Silva, 
988 S.W.2d 873, 876 (Tex. App.—San Antonio 1999, pet. denied); 
Tex. Dep’t of Pub. Safety v. Gratzer
, 982 S.W.2d 88, 90 (Tex. App.—Houston [1st Dist.] 1998, no pet.);
 Mendoza
, 956 S.W.2d at 810.