Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

LAZARO BAEZA d/b/a B & M BONDING, )
 No. 08-02-00314-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 83rd District Court

)


THE STATE OF TEXAS,
)
 of Pecos County, Texas

)


 Appellee.
)
 (TC# 5852)


MEMORANDUM OPINION



 Lazaro Baeza d/b/a B & M Bonding (Baeza) appeals from a final judgment entered on a
bond forfeiture. We affirm.

FACTUAL SUMMARY


 Fabian Douglas Castaneda, as principal, and Lazaro Baeza d/b/a B & M Bonding, acting
as a surety, entered into a $50,000 bail bond payable to the State of Texas. Castaneda, who was
charged by indictment with murder, failed to appear in court on July 10, 2000. Consequently, the
trial court entered a judgment nisi against the principal and surety. (1) At the final hearing, the State
introduced into evidence the bond and the judgment nisi. At the conclusion of the hearing, the
trial court entered a final judgment against Castaneda and Baeza. 


Request for Findings of Fact and Conclusions of Law

 In Point of Error No. One, Baeza contends that the trial court erred in failing to make findings
of fact and conclusions of law. Baeza made a timely request and reminder, but the trial court did not
enter the written findings and conclusions. On June 30, 2003, this Court entered an order abating
the appeal and directing the trial court to enter written findings of fact and conclusions of law. The
trial court has complied with our order and the appeal has been reinstated for consideration of the
remaining issues. Baeza has not filed an amended brief seeking to challenge any of the trial court's
findings of fact or conclusions of law. Point of Error No. One is overruled as moot.

Judicial Notice of Failure to Appear


 In Point of Error No. Two, Baeza asserts that the trial court erred in taking judicial notice that
Castaneda's name was called three times at the courthouse door and he failed to appear because
taking judicial notice prevented Baeza from attempting to rebut these facts. The State met its initial
burden of proof by introducing both the bond and judgment nisi into evidence without any objection
from Appellant. The State asked the trial court to take judicial notice of its file and that Castaneda's
name was called three times at the courthouse door and he did not appear. The trial court took
judicial notice as requested. Baeza raised no objection whatsoever to the trial court taking judicial
notice of these matters. 

 The proceedings relating to bond forfeitures are entirely statutory. International Fidelity
Insurance Company v. State, 65 S.W.3d 724, 726 (Tex.App.--El Paso 2001, no pet.). The State must
establish four essential facts, as provided by statute, to be entitled to a bond forfeiture: (1) a valid
bond executed by the surety; (2) failure of a defendant bound by bail to appear in a court in which
his case is pending when his personal appearance is required under the Code; (3) the name of the
defendant shall have been called distinctly at the courthouse door; and (4) no valid reason for the
principal not appearing. Id. At the final hearing, the essential elements of the State's cause of action
in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond,
which is the judgment nisi. Id. A judgment nisi is prima facie proof that the statutory requirements
have been satisfied and the burden is on the defendant to affirmatively show otherwise. Id. Once
a prima facie case has been established, the defendant must then prove that one of the statutory
requirements of the judgment nisi has not been satisfied. Id. at 726-27.

 It is well established that to preserve a complaint for appellate review, a party must have
presented to the trial court a timely request, objection, or motion that states the specific grounds for
the desired ruling. Tex.R.App.P. 33.1(a)(1). Failure to do so results in waiver of the complaint. The
objection requirement applies to complaints about a trial judge taking judicial notice. Tex.R.Evid.
201(e)("A party is entitled upon timely request to an opportunity to be heard as to the propriety of
taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the
request may be made after judicial notice has been taken. "). See also Texas Real Estate Commission
v. Nagle, 767 S.W.2d 691, 692-93 (Tex.1989)(holding that party preserved complaint about trial
court taking judicial notice of its prior proceedings by making timely objection). Because Baeza
never objected to the trial court taking judicial notice of its file and the prior proceedings, he has
failed to preserve his contention for review. Goad v. Goad, 768 S.W.2d 356, 359 (Tex.App.--Texarkana 1989, writ denied)(party waived complaint about taking of judicial notice of prior
proceedings by failing to request opportunity to be heard under Tex.R.Evid. 201(e) and by failing
to object). Point of Error No. Two is overruled. Having overruled both points of error, the judgment
of the trial court is affirmed.


April 15, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

1. The trial court entered judgment against a second surety, Marcos Martinez d/b/a Liberty Bonding. Martinez's
appeal has been dismissed by agreement of the parties. Therefore, our discussion of the facts does not include Martinez.