NUMBER 13-03-200-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

GUY WILLIAMS D/B/A FREEDOM BAIL BONDS,                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the County Court at Law No. 2 
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         This is an appeal from a final judgment forfeiting a bail bond after entry of a
judgment nisi. By two points of error, appellant and surety, Guy Williams d/b/a
Freedom Bail Bonds, complains the trial court erred (1) in admitting the bail bond into
evidence and (2) in signing a final judgment which did not dispose of all parties. We
affirm.
I. Facts
         Because all issues of law are settled, our opinion only advises the parties of the
Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis
         "In bail bond forfeiture trials, the State has the burden of proof." Williams v.
State, 82 S.W.3d 788, 790 (Tex. App.–Corpus Christi 2002, no pet.) "The bond and
the judgment nisi are the two essential elements of the State’s cause of action." Id. 
A trial court may take judicial notice of the judgment nisi. Id. (citing Hokr v. State,
545 S.W.2d 463, 466 (Tex. Crim. App. 1977)). In Williams, finding no authority that
allows a trial court to take judicial notice of a bond in a bail bond forfeiture proceeding
where the bond has been placed at issue, we concluded "the State must offer into
evidence the original bail bond in order to be entitled to a final judgment." Id. (citing
Hester v. State, 15 Tex. Ct. App. 418, 419-20 (1884), overruled in part by Hokr, 545
S.W.2d at 466).
A. Bail Bond
         By verified pleading, appellant specifically denied that neither he nor Urban
Arrisola, the principal, signed the bail bond. Because appellant put the bail bond at
issue, the State was required to present the bond at trial and offer it into evidence. 
During the trial on the judgment nisi, the State asked the court to take judicial notice
of the judgment nisi. The State then offered a certified copy of the bond into
evidence. Appellant objected to the admission of the bond on the basis that: (1) the
bond is not a public document; (2) there was no authentication or proper predicate
laid; (3) the bond was not proven up under article 17.08 of the Texas Code of Criminal
Procedure; and (4) it is hearsay. Over objection, the trial court admitted the certified
copy of the bond.
         By his first point of error, appellant again asserts the bail bond is inadmissible
under article 17.08 of the code of criminal procedure and the rules of evidence
regarding authentication and hearsay. See Tex. R. Evid. 902 & 803. Appellant claims
that the bail bond is inadmissible because no foundation was laid to show that the
bond was a public record, and, therefore, there was insufficient evidence to enter a
final judgment against him.
         The bail bond in question was signed by a deputy and taken and approved by
the Nueces County Sheriff, in his official capacity. In its heading, the bond bears the
words "The State of Texas." The bond was filed of record with the Nueces County
District Clerk on March 26, 2001. The document introduced into evidence was a
certified copy of the original bond that had been filed with the district clerk.
         Texas Rule of Evidence 1005 which pertains to public records provides that:
The contents of an official record or of a document authorized to be
recorded or filed and actually recorded or filed, including data
compilations in any form, if otherwise admissible, may be proved by
copy, certified as correct in accordance with Rule 902 or testified to be
correct by a witness who has compared it with the original. 

Tex. R. Evid. 1005; see Hutchins v. State, 650 S.W.2d 412, 414 (Tex. Crim. App.
1983) (bail bond properly admitted as public record). Extrinsic evidence of authenticity
is not a condition precedent to the admissibility of a public record. Tex. R. Evid. 902;
Int'l Fid. Ins. Co. v. State, 65 S.W.3d 724, 727 (Tex. App.–El Paso 2001, no pet.). 
Certified copies of public records are self-authenticating. Int'l Fid., 65 S.W.3d at 727
(citing Tex. R. Evid. 902(4) (certified copy of bail bondsman’s bond filed in principal’s
court file was self-authenticating under rule 902(4)). Therefore, pursuant to rule
1005, a copy of a public record, in this case the bail bond, "will be admissible in place
of an original where the copy is certified in accordance with Rule 902." Id. (citing
Reed v. State, 811 S.W.2d 582, 585 n.11 (Tex. Crim. App. 1991) (opinion on State’s
motion for rehearing)).
         During the trial on the judgment nisi, the State offered a certified copy of the
bail bond as evidence. The trial court heard appellant’s objections. After examining
the certified copy of the bail bond, the court overruled the objections and admitted it
into evidence. Because the certified copy of the bail bond is a self-authenticated public
record, no further authentication was required. Additionally, appellant’s hearsay
objection fails because a public record falls under the hearsay exception. See Tex. R.
Evid. 803(8). We, thus, conclude the State met its burden. The evidence was
sufficient to show the existence of a valid bond that supported the entry of a final
judgment against appellant. We overrule appellant’s first point of error.
B. Service on Principal
         By his second point of error, appellant generally contends the trial court erred
in signing a final judgment which did not dispose of all parties because the principal
in this case was not served with citation. However, appellant did not present this
argument to the trial court. Accordingly, he has waived this issue. See Tex. R. App.
P. 33.1(a) (as prerequisite to presenting complaint for appellate review, record must
show complaint was made to trial court). Furthermore, even had this complaint been
preserved for our review, the record establishes that the principal was served by
certified mail, return receipt requested on May 29, 2002, and accepted service by
signature on June 13, 2002. We overrule appellant’s second point of error.
C. Sanctions
         In a single cross-point, the State asks us to award sanctions pursuant to
appellate rule 45 on the grounds that this appeal is frivolous. Tex. R. App. P. 45. 
Under rule 45, we may award just damages if we objectively determine, after
considering the record, briefs, or other papers filed with the court, that an appeal is
frivolous. Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.–Houston [1st Dist.]
2001, pet. denied). To determine whether an appeal is frivolous, we look at the record
from the viewpoint of the advocate and decide whether he had reasonable grounds to
believe the case could be reversed. Id. As addressed above, appellant asserted a
number of bases which he claimed made the bail bond inadmissible as evidence. We
cannot conclude from the record before us that appellant had no reasonable ground to
believe that the trial court's judgment could be reversed. We overrule the State’s
cross-point for sanctions.
III. Conclusion
         Accordingly, we affirm the trial court’s judgment.                                                                                       
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
 
Memorandum Opinion delivered and filed
this 22nd day of July, 2004.