NUMBER 13-03-748-CV

 
13-03-749-CV

 
13-03-750-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

GUY WILLIAMS, D/B/A 

FREEDOM BAIL BONDS,            
                                                 Appellant,

 

                                                             v.                                

 

THE STATE OF TEXAS,                                                                  Appellee.

 

                   On
appeal from the County Court at Law No. 1 

                                      of
Nueces County, Texas.

 

 

                               MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez 

                            Memorandum
Opinion by Justice Yañez

 








Appellant and surety, Guy Williams d/b/a Freedom
Bail Bonds, appeals a trial court=s judgment that ordered forfeiture of a bail bond.[1]  In three issues, appellant contends (1) his
liability as a surety was discharged when the principal, Sergio Gonzalez,
entered a plea of nolo contendere and was found guilty, (2) the trial court
erroneously admitted a bail bond into evidence as a public record, and (3) the
court improperly rendered a final judgment that did not dispose of all
parties.  We affirm.

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of our decision and the
basic reasons for it.[2]


Finality of Judgment

Regarding appellant=s
third issue,[3]
he claims the principal was a necessary party to the forfeiture proceeding and
that the State failed to provide him with notice.  As a result, he claims the trial court=s judgment was not final because it did not dispose
of all necessary parties to the proceeding. 









Our initial inquiry is always whether we have
jurisdiction over an appeal.[4]  Unless one of the sources of our authority
specifically authorizes an interlocutory appeal, we only have jurisdiction over
an appeal taken from a final judgment.[5]  Absent an express grant of authority, we do
not have jurisdiction to review an interlocutory order.[6]  If the record does not affirmatively
demonstrate our jurisdiction, we must dismiss the appeal.[7]  A judgment is not final unless it disposes of
all pending parties and claims in the record.[8]  In a bond forfeiture proceeding, a trial
court=s final judgment must be rendered against both the
principal and the surety.[9]


In this case, the record does not reflect that there
were any pending claims unaddressed by the trial court.  The record shows that the only parties to the
proceeding were the State, appellant, and the principal.  The trial court=s
final judgment recites AIt is therefore ORDERED that [the State] be granted
a JUDGMENT OF FORFEITURE and recover against Principal/Defendant . . . and
Surety/Defendant . . . jointly and severally . . . .@   Because the
record does not reveal any claims or parties not addressed by the court=s final judgment, we conclude that it is final for
purposes of appeal.[10]  

We now turn to appellant=s argument that the State failed to provide the
principal with notice.

      
Statutory Judgment Nisi Notice Requirements








In a bond forfeiture proceeding, article 22.05 of
the code of criminal procedure requires that notice be mailed to the principal
of the judgment nisi if the principal furnished an address on the bond.[11]  The notice must be mailed to the principal's
address as shown on the bond.[12]  A rebuttable presumption attaches that the
mailing required by article 22.05 occurred.[13]
         

In this case, as required by article 22.05, the
judgment nisi ordered that "notice to the Defendant, as principal, be
deposited in the United States Mail directed to the said Defendant at the
address shown on the bond. . . ."[14]  The record shows that the principal furnished
his address on the bond, and the record contains the State=s sworn assertion that notice was sent to the
principal=s address via certified United States Mail.  A copy of a certified mail receipt also shows
that certified mail was sent to the principal=s
address.  Based on this evidence, we
conclude that the principal received appropriate notice as required by article
22.05.[15]  Because the principal received appropriate
notice, we overrule appellant=s third issue.[16]

In his first issue, appellant contends his liability
as surety was discharged when the principal entered a plea of nolo contendere
and was found guilty in the underlying criminal case.  








The primary purpose of an appearance bond is to
secure the presence of the defendant in court for trial on the offense charged.[17]  When a defendant fails to appear in court as
required, the court shall forfeit the bond and issue a judicial declaration of
forfeiture.[18]  The judicial declaration of forfeiture is the
judgment nisi.[19]  Once the trial court enters the judgment
nisi, a citation shall issue notifying the sureties of the defendant, if any,
that the bond has been forfeited, and requiring them to appear and show cause
why the judgment of forfeiture should not be made final.[20]  

After a judicial declaration of forfeiture is
entered, the trial court may exonerate the defendant and his or her sureties
from liability on the forfeiture only as expressly provided under Chapter 22.[21]  Article 22.13 of the code of criminal
procedure governs situations where forfeiture occurs before the final
disposition of the underlying criminal case.[22]  The sole grounds for exonerating a defendant
and his sureties upon forfeiture of a bond are those provided in article 22.13.[23]









Here, the record reflects that the principal failed
to appear for trial in the underlying criminal case.  Because the principal failed to appear, the
trial court forfeited his bond and issued a judgment nisi.  After the judgment nisi was issued,  the principal appeared in the criminal case,
entered a plea of nolo contendere, and was found guilty.  

In support of his contention regarding discharge of
liability, appellant specifically relies on article 17.09 of the code of
criminal procedure, which states that a surety is liable for the defendant's
personal appearance before the court to answer the charge against him as well
as before any and all subsequent proceedings had relative to the charge.[24]  However, the record reflects that the
principal=s plea of nolo contendere and finding of guilt in
the underlying criminal case occurred after the forfeiture had already taken
place.  Because the forfeiture occurred
before final disposition of the underlying criminal case, we conclude that
appellant=s sole grounds for exoneration were limited to those
provided in article 22.13.[25]  We also note that article 22.13 does not
provide for discharge of a surety=s liability on the ground asserted by appellant in
this issue.[26]  Because appellant has failed to show that he
was entitled to a discharge of liability when the principal pleaded nolo
contendere and was found guilty, we overrule appellant=s first issue.[27]








By his second issue,[28]
appellant asserts the bail bond is inadmissible under article 17.08[29]
of the code of criminal procedure and the rules of evidence regarding authentication
and hearsay.[30]  Appellant also argues the bail bond is
inadmissible because no foundation was laid to show that the bond was a public
record. Based on these contentions, appellant claims the trial court erred in
admitting the bail bond into evidence.

The bail bond in question was signed by a deputy,
and taken and approved by a Nueces County Deputy in his official capacity.  In its heading, the bond bears the words
"The State of Texas."  The bond
was filed of record with the Nueces County District Clerk=s office.  The
document introduced into evidence was a certified copy of the original bond
that was filed with the district clerk.

Texas Rule of Evidence 1005, which pertains to public
records provides, that

 

The contents of an official record or of a document
authorized to be recorded or filed and actually recorded or filed, including
data compilations in any form, if otherwise admissible, may be proved by copy,
certified as correct in accordance with Rule 902 or testified to be correct by
a witness who has compared it with the original.[31]


 

Extrinsic evidence of authenticity is not a
condition precedent to the admissibility of a public record.[32]  Certified copies of public records are self‑authenticating.[33]  Therefore, pursuant to rule 1005, a copy of a
public record, in this case, the bail bond, "will be admissible in place
of an original where the copy is certified in accordance with Rule 902."[34]








During trial on the judgment nisi, the State, over
appellant=s objections, offered a certified copy of the bail
bond as evidence.  After examining the
certified copy of the bail bond, the court overruled the objections and
admitted it into evidence.  Because the
certified copy of the bail bond is a self‑authenticated public record, no
further authentication was required.[35]  Additionally, appellant's hearsay objection
fails because a public record falls under the hearsay exception.[36]  We thus conclude that the trial court did not
err in admitting the bail bond into evidence as a public record. We overrule
appellant's second issue.

Because we have overruled all of appellant=s issues, the trial court=s judgment is affirmed.

                              

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Memorandum Opinion delivered and 

filed this the 11th day of August, 2005.











[1] 
The parties, facts, and legal issues are the same in three separate
appellate cause numbers.  The appellate
cause numbers and the corresponding trial cause numbers are as follows: (1)
cause number 13-03-748-CV (trial cause number 03-60235-1); (2) cause number
13-03-749-CV (trial cause number 03-60236-1); and (3) cause number 13-03-750-CV
(trial cause number 03-60237-1).  Because
the parties, facts, and legal issues raised in the appeals are the same, we address
them in a single opinion.





[2]  See Tex.
R. App. P. 47.4.  





[3]  
Because appellant=s third issue presents a challenge
to this Court=s jurisdiction, we address it
first.





[4] 
 See Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). 





[5]  
See Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  





[6]  
See Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d 789, 790
(Tex. 1965) (per curiam).





[7]  
See Garcia v. Comm=rs Court of Cameron County, 101 S.W.3d 778, 784 (Tex. App.BCorpus Christi 2003, no pet.).





[8]  
See Lehmann, 39 S.W.3d at 205-06. 






[9] 
 See Tex. Code Crim. Proc. Ann. art. 22.14
(Vernon 1989).   





[10] 
See id.; Lehmann,
39 S.W.3d at 205-06.  





[11]  See Tex.
Code Crim. Proc. Ann. art. 22.05 (Vernon 1989); Guy Williams d/b/a
Freedom Bail Bonds v. State, 114 S.W.3d 703, 709 (Tex. App.BCorpus Christi 2003, no pet.).





[12] 
See Tex. Code Crim. Proc. Ann. art. 22.05 (Vernon 1989).





[13] 
See Escobar v. State, 587 S.W.2d 714, 717 (Tex. Crim. App.
[Panel Op.] 1979). 





[14] 
See Tex. Code Crim. Proc.
Ann. art. 22.05 (Vernon 1989). 





[15] 
See id.;
Escobar, 587 S.W.2d at 717. 





[16] 
See Tex. Code Crim. Proc.
Ann. art. 22.05 (Vernon 1989); Williams, 114 S.W.3d at 709.





[17] 
See Ex parte Rodriguez, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980). 





[18] 
See Tex. Code Crim. Proc.
Ann. art. 22.01 (Vernon 1989). 





[19]  See State v. Sellers, 790 S.W.2d 316, 321 (Tex. Crim.
App. 1990).  





[20]  See Tex.
Code Crim. Proc. Ann. art. 22.03 (Vernon 1989).





[21] 
See Allegheny Cas. Co. v. State, 52 S.W.3d 894, 900 (Tex. App.BEl Paso 2001, no pet.).





[22] 
See Telles Bail Bonds v. State, 911 S.W.2d 820, 822 (Tex. App.BEl Paso 1995, pet. ref=d).





[23]  See Lyles v. State, 587 S.W.2d 717, 717-18
(Tex. Crim. App. 1979), cert. denied, 445 U.S. 951(1980) (stating that
the only grounds for exonerating liability under a bond forfeiture are those
provided in article 22.13 of the code of criminal procedure).





[24] 
See Tex. Code Crim. Proc.
Ann. art. 17.09 (Vernon 2005).





[25]  See Tex.
Code Crim. Proc. Ann. art.  22.13
(Vernon Supp. 2004-05); Lyles, 587 S.W.2d at 717-18.





[26] 
See Tex. Code Crim. Proc.
Ann. art.  22.13 (Vernon Supp.
2004-05).





[27] 
See id.; Lyles,
587 S.W.2d at 717-18.





[28]  
As part of his second issue, appellant also claims the bond is
insufficient.  However, he has failed to
provide an argument in support of this contention.  We therefore decline to construct appellant=s argument for him.  See Tex.
R. App. P. 38.1(h). 





[29]  See Tex.
Code Crim. Proc. Ann. art. 17.08 (Vernon 2005).





[30]  See Tex.
R. Evid. 803, 902.  





[31] 
See Tex. R. Evid. 1005;
Hutchins v. State, 650 S.W.2d 412, 414 (Tex. Crim. App. 1983) (holding
that a bail bond was properly admitted as public record). 





[32] 
See Tex. R. Evid. 902;
Int'l Fid. Ins. Co. v. State, 65 S.W.3d 724, 727 (Tex. App.BEl Paso 2001, no pet.). 





[33] 
See Int'l Fid.,
65 S.W.3d at 727 (citing Tex. R. Evid. 902(4)
(certified copy of bail bondsman's bond filed in principal's court file was
self‑authenticating under rule 902(4))). 





[34] 
See id.  (citing Reed v. State, 811 S.W.2d 582,
585 n.11 (Tex. Crim. App. 1991) (op. on State's mot. for reh=g)).





[35] 
See Tex. R. Evid. 902, 1005; Hutchins, 650 S.W.2d at 414; Int'l
Fid., 65 S.W.3d at 727. 





[36] 
See Tex. R. Evid. 803(8).