

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00086-CV

| | | |
|---|---|---|
| Phil Guiles | § | From Criminal District Court No. 1 |
| | § | of Tarrant County (1191090DX1) |
| v. | | |
| | § | January 24, 2013 |
| The State of Texas | § | Opinion by Justice Gardner |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

It is further ordered that appellant Phil Guiles shall pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Anne Gardner



## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00086-CV

PHIL GUILES                                                                APPELLANT

V.

THE STATE OF TEXAS                                                    APPELLEE

----------

### FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Phil Guiles appeals the trial court's judgment forfeiting a surety bond of $10,000. He argues in one issue that insufficient evidence supports the

---

[1]*See* Tex. R. App. P. 47.4.

judgment because the trial court abused its discretion by admitting a copy of the bond into evidence.[2]  We affirm.

## II. Background

Alejandro Gomez was arrested on February 1, 2010, and posted a $10,000 bond the next day.  Guiles is the surety on the bond.  Gomez was released from custody but failed to appear for trial.  The trial court forfeited the bond and issued a judgment nisi for $10,000 against Gomez and Guiles.  The trial court conducted a final hearing on November 11, 2011, and later rendered judgment against Gomez and Guiles, jointly and severally, for $10,000 plus costs.

## III. Discussion

Guiles asserts in his sole issue that insufficient evidence supports the trial court's judgment because the trial court abused its discretion by admitting a copy of the surety bond into evidence over his objection.  Specifically, Guiles argues that the copy of the surety bond offered and admitted into evidence is neither the original surety bond nor a properly certified copy of the original surety bond and that the surety bond was therefore not admissible under rules of evidence 1005 and 902(4).  Guiles does not otherwise challenge the sufficiency of the evidence, and his appeal hinges on the admissibility of the surety bond.

---

[2]Guiles does not specify whether he challenges the legal or factual sufficiency of the evidence.

Guiles testified at the final hearing that, when submitting a bail bond to secure the release of an individual from custody, he signs a blank appearance bond form and then delivers the blank form to the Sheriff's office. Someone within the Sheriff's office fills in the remainder of the bond form and arranges for it to be signed by the individual desiring release. Once the entire form is completed, the bond is sent from the Sheriff's office to the district clerk and is placed into the arrestee's court file. A deputy district clerk testified during the final hearing that she had certified a copy of the bond involved in this case from the court's file and that the certified copy marked and offered into evidence as State's Exhibit 1 was made from the bond contained within the court's file.

Appellant contends that the copy of the bond offered into evidence was not shown to be "certified in accordance with Rule 902" and was not authenticated through testimony "by the clerk as compared to the original." Rule of evidence 1005 provides in relevant part that "[t]he contents of an official record or of a document authorized to be recorded or filed and actually recorded or filed . . . may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original." Tex. R. Evid. 1005. Rule of evidence 902(4) in turn provides in relevant part that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required" for a "copy of an official record . . . or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office . . . certified

as correct by the custodian or other person authorized to make the certification." Tex. R. Evid. 902(4).

The documents offered and admitted into evidence as State's Exhibit 1 include the judgment nisi and the appearance bond. On the appearance bond itself are a "Certified Copy" stamp and a signature and date handwritten by a deputy district clerk. Appellant does not explain or cite any authority that would explain why the certification shown clearly on the face of the bond does not satisfy the requirements of rule 902. In addition, during the deputy district clerk's testimony, she was asked to compare the certified copy of the bond being offered into evidence against the actual bond contained within the clerk's file. The clerk testified that the bond contained within the clerk's file was the same as the document offered as State's Exhibit 1 and that the bond from the clerk's file is the document she copied when certifying State's Exhibit 1. Thus, the authenticity of the bond admitted into evidence as part of State's Exhibit 1 was shown both because it was a certified copy of an official record and because the deputy district clerk compared State's Exhibit 1 to the bond contained within the clerk's file while testifying. Under these circumstances, we cannot hold that the trial court abused its discretion by admitting State's Exhibit 1 into evidence.[3] *See*

---

[3]To the extent that Guiles contends that the bond contained within the court's file is not the original and is instead itself a copy, we do not address the argument because it is not necessary to the disposition of the appeal. *See* Tex. R. App. P. 47.1. Rules of evidence 902(4) and 1005 contemplate the authenticity of an "official record" or documents authorized to be filed or recorded and actually filed or recorded, and Guiles does not contend that the surety bond

4

Tex. R. Evid. 902(4), 1005; *Int'l Fid. Ins. Co. v. State*, 65 S.W.3d 724, 727 (Tex. App.—El Paso 2001, no pet.) (holding certified copy of surety bond was admissible in bond forfeiture proceeding against surety).  Moreover, because the trial court did not abuse its discretion by admitting the bond into evidence, legally and factually sufficient evidence supports the trial court's judgment.  *See Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); *see also Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).  We overrule Guiles's sole issue.

## IV.  Conclusion

Having overruled Guiles's sole issue, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED:  January 24, 2013

---

involved in this case is not an official record or a document authorized to be filed or recorded and actually filed or recorded.  *See* Tex. R. Evid. 902(4), 1005.

5