02-12-086-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00086-CV

 

 


 
 
 Phil
 Guiles
  
  
 v.
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 
 
 From Criminal District
 Court No. 1
  
 of
 Tarrant County (1191090DX1)
  
 January
 24, 2013
  
 Opinion
 by Justice Gardner
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

It
is further ordered that appellant Phil Guiles shall pay all costs of this
appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

By_________________________________

   
Justice Anne Gardner

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00086-CV

 

 


 
 
 Phil Guiles
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

          Appellant
Phil Guiles appeals the trial court’s judgment forfeiting a surety bond of
$10,000.  He argues in one issue that insufficient evidence supports the
judgment because the trial court abused its discretion by admitting a copy of
the bond into evidence.[2]  We affirm.

II. 
Background

          Alejandro
Gomez was arrested on February 1, 2010, and posted a $10,000 bond the next day.
 Guiles is the surety on the bond.  Gomez was released from custody but failed
to appear for trial.  The trial court forfeited the bond and issued a judgment
nisi for $10,000 against Gomez and Guiles.  The trial court conducted a final
hearing on November 11, 2011, and later rendered judgment against Gomez and
Guiles, jointly and severally, for $10,000 plus costs.

III. 
Discussion

          Guiles
asserts in his sole issue that insufficient evidence supports the trial court’s
judgment because the trial court abused its discretion by admitting a copy of
the surety bond into evidence over his objection.  Specifically, Guiles argues
that the copy of the surety bond offered and admitted into evidence is neither
the original surety bond nor a properly certified copy of the original surety
bond and that the surety bond was therefore not admissible under rules of
evidence 1005 and 902(4).  Guiles does not otherwise challenge the sufficiency
of the evidence, and his appeal hinges on the admissibility of the surety bond.

          Guiles
testified at the final hearing that, when submitting a bail bond to secure the
release of an individual from custody, he signs a blank appearance bond form
and then delivers the blank form to the Sheriff’s office.  Someone within the
Sheriff’s office fills in the remainder of the bond form and arranges for it to
be signed by the individual desiring release.  Once the entire form is
completed, the bond is sent from the Sheriff’s office to the district clerk and
is placed into the arrestee’s court file.  A deputy district clerk testified
during the final hearing that she had certified a copy of the bond involved in
this case from the court’s file and that the certified copy marked and offered
into evidence as State’s Exhibit 1 was made from the bond contained within the
court’s file.

          Appellant
contends that the copy of the bond offered into evidence was not shown to be
“certified in accordance with Rule 902” and was not authenticated through
testimony “by the clerk as compared to the original.”  Rule of evidence 1005
provides in relevant part that “[t]he contents of an official record or of a
document authorized to be recorded or filed and actually recorded or filed . . .
may be proved by copy, certified as correct in accordance with Rule 902 or
testified to be correct by a witness who has compared it with the original.” 
Tex. R. Evid. 1005.  Rule of evidence 902(4) in turn provides in relevant part
that “[e]xtrinsic evidence of authenticity as a condition precedent to
admissibility is not required” for a “copy of an official record . . . or of a
document authorized by law to be recorded or filed and actually recorded or
filed in a public office . . . certified as correct by the custodian or other
person authorized to make the certification.”  Tex. R. Evid. 902(4).

          The
documents offered and admitted into evidence as State’s Exhibit 1 include the
judgment nisi and the appearance bond.  On the appearance bond itself are a
“Certified Copy” stamp and a signature and date handwritten by a deputy
district clerk.  Appellant does not explain or cite any authority that would
explain why the certification shown clearly on the face of the bond does not
satisfy the requirements of rule 902.  In addition, during the deputy district
clerk’s testimony, she was asked to compare the certified copy of the bond
being offered into evidence against the actual bond contained within the
clerk’s file.  The clerk testified that the bond contained within the clerk’s
file was the same as the document offered as State’s Exhibit 1 and that the
bond from the clerk’s file is the document she copied when certifying State’s
Exhibit 1.  Thus, the authenticity of the bond admitted into evidence as part
of State’s Exhibit 1 was shown both because it was a certified copy of an
official record and because the deputy district clerk compared State’s Exhibit
1 to the bond contained within the clerk’s file while testifying.  Under these
circumstances, we cannot hold that the trial court abused its discretion by
admitting State’s Exhibit 1 into evidence.[3]  See Tex. R. Evid.
902(4), 1005; Int’l Fid. Ins. Co. v. State, 65 S.W.3d 724, 727 (Tex.
App.—El Paso 2001, no pet.) (holding certified copy of surety bond was
admissible in bond forfeiture proceeding against surety).  Moreover, because
the trial court did not abuse its discretion by admitting the bond into
evidence, legally and factually sufficient evidence supports the trial court’s
judgment.  See Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328,
334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999); see also Cent.
Ready Mix Concrete Co. v. Islas, 228 S.W.3d 649, 651 (Tex. 2007); City
of Keller v. Wilson, 168 S.W.3d 802, 807, 827 (Tex. 2005); Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh’g); Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986); Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965).  We overrule Guiles’s sole issue.

IV. 
Conclusion

          Having
overruled Guiles’s sole issue, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  January 24, 2013









[1]See Tex. R. App. P. 47.4.





[2]Guiles does not specify whether he challenges the legal or factual sufficiency of the
evidence.





[3]To the
extent that Guiles contends that the bond contained within the court’s file is
not the original and is instead itself a copy, we do not address the argument
because it is not necessary to the disposition of the appeal.  See Tex.
R. App. P. 47.1.  Rules of evidence 902(4) and 1005 contemplate the
authenticity of an “official record” or documents authorized to be filed or
recorded and actually filed or recorded, and Guiles does not contend that the
surety bond involved in this case is not an official record or a document
authorized to be filed or recorded and actually filed or recorded.  See
Tex. R. Evid. 902(4), 1005.